IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHNNY GANT )
)
v. ) NO. 3:09-1055
)
CITIZENS BANK AND TRUST, et al. )

TO:  Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By Order entered November 13, 2009 (Docket Entry No. 4), the Court referred the above captioned action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2) and for further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

Plaintiff is a resident of Nashville, Tennessee. He filed this action pro se and in forma pauperis on November 3, 2009, against Citizens National Bank and Trust ("Citizens"), Citizens' employee Cory Hammons, and an unnamed "Jane Doe" bank clerk at Citizens. He seeks injunctive relief and monetary compensation. He has also filed a motion (Docket Entry No. 3) for "emergency injunctions" and to add "party defendant and supplemental pleadings."

Plaintiff contends that he was a former banking customer of Citizens and that clerks at Citizens refused to take his deposits, that he received incorrect information regarding the balance in his checking account and when deposits could be made, that he was not provided with prompt notices of the assessment overdraft charges, that he was charged several overdraft fees, that Citizens staff failed to assist him in sorting out the problems, and that one of his directly deposited Social Security checks was mis-routed or lost when he closed his account. See Complaint. Plaintiff contends that these problems rendered him unable to pay some of his personal bills or pay them in a timely manner and also caused his account balance to decrease because of the overdraft fees.

Plaintiff does not set forth a specific, legal cause of action in his complaint. However, he asserts the following as the legal basis for his action: "malice aforethought. 10:65 conspiracy, 1983. negligence. actionable negligence. gross neg. violated - my 5th, 14th constitutional amendment 1983 larceny, theft by deception. M.P. Code 223.3 28 U.S.C. 1343(2)(3) 8th Amendment Const. 10:93. 42 U.S.C. § 1985(3)," see Complaint (Docket Entry No. 1), at 1; and "The Tucker Act, 28 USCS § 1346(a)(2) and Federal Tort Claims Act 28 USCS § 1346(b)." Id. at 5.

Pro se complaints are to be construed liberally by the Court. See Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding in forma pauperis "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading rules still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. Id. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. See Scheid v. Fanny Farmer Candy, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. Wells, 891 F.2d at 594 (6th Cir. 1989).

After review of Plaintiff's complaint in light of these principles and in accordance with 28 U.S.C. § 1915(e)(2)(B), the Court recommends that this action be dismissed for failure to state an

2

arguable claim upon which relief can be granted. Plaintiff simply has not stated any cognizable legal cause of action in his complaint. Although he sets out several different, general legal causes of action, he does so in a disjointed, scattershot manner and he fails to clearly state facts which show that he has a plausible claim under any of the asserted legal causes of action. Similarly, he fails to allege facts which show that any of the legal statutes he refers to in his complaint apply to the named defendants. Merely being dissatisfied with the service provided by a banking institution, even if rightly dissatisfied, is not grounds for a federal cause of action.

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e) for lack of an arguable legal basis. Plaintiff's request for an emergency injunction (Docket Entry No. 3), should likewise be DENIED as frivolous.

Because Plaintiff's claims warrant dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                Respectfully submitted,

                JULIET GRIFFIN
                United States Magistrate Judge