# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY GANT, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:09-1055 |
| | ) Judge Echols |
| CITIZENS BANK AND TRUST, et al., | ) |
| Defendants. | ) |

## ORDER

After Plaintiff, pro se, filed this suit against his former bank and two of its employees alleging various banking errors which resulted in Plaintiff being wrongfully assessed overdraft charges and fees, the Magistrate Judge entered a Report and Recommendation ("R & R") (Docket Entry No. 6) recommending that (1) this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state an arguable basis upon which relief can be granted; and (2) Plaintiff's Motion for an Emergency Injunction (Docket Entry No. 3) be denied. Despite being apprised of his right to object to the R & R, Plaintiff has filed no objections.

Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b). In this case, after reviewing the Complaint, the Court finds that the Magistrate Judge was correct in determining that Plaintiff's Complaint fails to state a claim upon which relief may be granted and that, therefore, his request for emergency relief should be denied.

1

Even though Plaintiff filed no objections, after entry of the R & R he filed a "Motion for Leave to Amend Complaint" (Docket Entry No. 10) in which he seeks to add claims such as "slander under Shannon's Code," "Libel, demurrant [sic] [and] Slander by Deed and Act," and "Slander of Credit." (Id. at 1-2). While leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure should be freely granted, such requests are properly denied where the amendment would be futile. Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 633 (6th Cir. 2009). Having reviewed Plaintiff's proposed amendment, the Court finds that Plaintiff fails to set forth a plausible claim, see, Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), and concurs with the following observations of the Magistrate Judge:

> Plaintiff simply has not stated any cognizable legal cause of action in his complaint. Although he sets out several different, general legal causes of action, he does so in a disjointed, scattershot manner and he fails to clearly state facts which show that he has a plausible claim under any of the asserted legal causes of action. Similarly, he fails to allege facts which show that any of the legal statutes he refers to in his complaint apply to the named defendants. Merely being dissatisfied with the service provided by a banking institution, even if rightly dissatisfied, is not grounds for a federal cause of action.

(Docket Entry No. 6 at 2-3).

Accordingly, the Court rules as follows:

(1) The R & R (Docket Entry No. 6) is hereby ACCEPTED AND APPROVED;

(2) Plaintiff's Complaint is hereby DISMISSED in accordance with 28 U.S.C. § 1915(e)(2)(b) because it fails to state a claim on which relief may be granted;

(3) Plaintiff's Motion for an Emergency Injunction (Docket Entry No. 3) is hereby DENIED AS MOOT; and

(4) Plaintiff's "Motion for Leave to Amend Complaint" (Docket Entry No. 10) is hereby DENIED.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE